CHARLES PICKSLAY, Respondent, *v.* THEODORE B. STARR, Appellant.

*Gift of a check — when it cannot be revoked.*

Although it may be that no action can be maintained upon a check which is the subject of a gift, if the maker thereof stops payment thereon; yet, after the money is paid upon it, the gift is complete and the transaction cannot be revoked. (DYKMAN, J., dissenting on the ground that the check was delivered by mistake.)

APPEAL by the defendant, Theodore B. Starr, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office

of the clerk of the county of Kings on the 17th day of July, 1893, upon the report of a referee.

*Delos McCurdy,* for the appellant.

*William H. Ford,* for the respondent.

PRATT, J.:

The important question is whether the $2,500 check received by plaintiff from defendant the day before Christmas, 1889, was a gift, or whether it was an advance on account of plaintiff's salary.

The referee has found it to be a gift, and we do not see how he could reasonably have decided otherwise. The referee's opinion discusses the matter so fully that there is no need to pursue the argument further.

The suggestion that a check cannot be a valid gift has no weight. It may well be that had the maker of the check stopped its payment an action against the maker could not have been maintained. But after the money was paid the transaction could not be revoked; the gift was complete. That is to say, that although the gift of the check might not be binding and irrevocable, the check was the means and instrument by which the gift of money was effected.

The judgment should be affirmed, with costs.

CULLEN, J.:

I concur on the ground that if the defendant made the present under mistake or forgetting that plaintiff's salary had been increased, he should, upon discovering the error, disapprove the transaction and notify the plaintiff.

DYKMAN, J. (dissenting):

This is an appeal by the defendant from a judgment entered upon the report of a referee in favor of the plaintiff.

The action is for services, and the only question of fact involved upon this appeal is whether a check delivered to the plaintiff by the defendant was a Christmas present or a payment on account for services. The check was delivered to the plaintiff by reason of a momentary lapse of memory. In other words, it would not have been delivered if the fact that the salary of the plaintiff had been increased had not escaped the memory of the defendant.

The plaintiff had been in the employment of the defendant for several years previous, and the defendant had been in the habit of making him very handsome Christmas presents.

On this occasion, forgetting that the salary had been increased, he handed him the check in question. Its delivery was in a broad sense a mistake. If all the facts had been in the mind and recollection of the defendant, the check would not have been given. It was not delivered in full view of the nature and consequence of the act. It never was the intention of the defendant to give the plaintiff $2,500 in addition to the increase of his salary.

Intention controls all transactions, and especially gifts. A delivery of property with intent to make a gift passes the title. Without such intention there is no gift, and the delivery does not pass the title.

The admission of testimony respecting previous Christmas presents was erroneous, but we place our decision upon the ground that the delivery of the check was not a present, and must be allowed to the defendant in this action as a payment.

Judgment affirmed, with costs.